## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF GEORGIA
## ATLANTA DIVISION

| | | |
|---|---|---|
| **WILLIE JAMES PYE,** | * | **CIVIL ACTION NO.** |
| | * | **3:13-CV-119-TCB** |
| Petitioner, | * | |
| | * | |
| v. | * | **HABEAS CORPUS** |
| | * | |
| **BRUCE CHATMAN, Warden,** | * | |
| **Georgia Diagnostic and** | * | |
| **Classification Center,** | * | |
| | * | |
| Respondent. | * | |

## ANSWER-RESPONSE ON BEHALF OF RESPONDENT
## TO PETITION FOR WRIT OF HABEAS CORPUS

Comes now, Bruce Chatman, Warden, Respondent in the above-styled action, by and through counsel, Samuel S. Olens, Attorney General for the State of Georgia, and files this, his answer-response to this petition for a writ of habeas corpus filed on behalf of Petitioner, by showing and stating as follows:

## APPROPRIATE STANDARD OF REVIEW

### 1.

As the above-styled petition was filed on July 24, 2013, the amendments to 28 U.S.C. § 2254, as contained in the Anti-Terrorism and Effective Death Penalty Act (AEDPA), specifically, § 2254(d), clearly apply to this federal habeas corpus petition.  Accordingly, this Court should not grant relief with respect to any claim raised in this petition as presently filed, which was adjudicated on the merits in

state court proceedings unless such adjudication either:  (1) resulted in a decision contrary to, or involved an unreasonable application of, clearly established federal law as determined by the United States Supreme Court; or (2) resulted in a decision based on an unreasonable determination of the facts in light of the evidence presented in the state court proceedings.  Williams v. Taylor, 529 U.S. 362, 120 S.Ct. 1479 (2000).  See also, Putman v. Head, 268 F.3d 1223, 1224 (11th Cir. 2001); Isaacs v. Head, 300 F.3d 1232, 1251-1252 (11th Cir. 2002); Ventura v. AG, 419 F.3d 1269, 1286 (11th Cir. 2005).

## STATE COURTS' FINDINGS ENTITLED TO PRESUMPTION OF CORRECTNESS UNDER § 2254(e)(1)

2.

Under the amendments to § 2254 of the Anti-Terrorism and Effective Death Penalty Act, specifically, § 2254(e)(1), this Court should presume to be correct any determinations of factual issues made by the state courts, either the Georgia Supreme Court or the state habeas corpus court.  Further, a habeas corpus petitioner "shall have the burden of rebutting the presumption of correctness by clear and convincing evidence."  28 U.S.C. § 2254 (e)(1); Rolling v. Crosby, 438 F.3d 1296, 1300 (11th Cir. 2006); Bottoson v. Moore, 234 F.3d 526, 531 (11th Cir. 2000); Parker v. Head, 244 F.3d 831, 835-836 (11th Cir. 2001).

## PETITIONER CANNOT ESTABLISH THAT
## AN EVIDENTIARY HEARING OR DISCOVERY
## SHOULD BE ALLOWED UNDER AEDPA STANDARDS

3.

Pursuant to the amendments to § 2254 of the Anti-Terrorism and Effective Death Penalty Act, specifically § 2254(e)(2), this Court should not conduct a federal evidentiary hearing in this case, as Petitioner cannot establish as required by statute, that any of his claims raised in his petition: (a) rely on a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court that was previously unavailable or (b) rely on a factual predicate that could not have been previously discovered by due diligence; <u>and</u> that the facts underlying the claim would be sufficient to show by clear and convincing evidence that, but for any constitutional error, no reasonable fact-finder would have found Petitioner guilty.

As the United States Supreme Court held in <u>Williams v. Taylor</u>, 529 U.S. 420, 436 (2000), the applicable portion of the AEDPA is meant to "give effect to Congress' intent to avoid unneeded evidentiary hearings in federal habeas corpus…."

As to Petitioner's prayer for discovery, it should be noted that, even prior to the enactment of the AEDPA, federal habeas petitioners were required to make a strong showing of "good cause" before the court could exercise its discretion to

allow discovery.  See, e.g., Harris v. Nelson, 394 U.S. 286 (1969); Keeney v. Tamayo-Reyes, 504 U.S. 1, 9 (1992).  The enactment of the AEDPA erected additional barriers to courts' authority to conduct discovery.  See Crawford v. Head, 311 F.3d 1288, 1328-1329 (11th Cir. 2002); Isaacs v. Head, 300 F.3d 1232, 1248-1249 (11th Cir. 2002).

Under U.S.C. § 2254(e)(2), a habeas petitioner's burden to establish that discovery is warranted is strict and requires that Petitioner establish that his claims involve:

> (a)(i) a new rule of law which does apply retroactively to cases on collateral review, **or**
>
> (a)(ii) a factual predicate that could not have previously been discovered through due diligence; **and**
>
> (b) the facts underlying the claim would be sufficient to establish by clear and convincing evidence that Petitioner would not have been found guilty.

Williams [Michael] v. Taylor, 529 U.S. 420 (2000).  (Emphasis added).

Respondent submits that Petitioner is not entitled to discovery or an evidentiary hearing in this case.  However, he will more fully address this issue if Petitioner requests an evidentiary hearing and/or discovery in subsequent pleadings.

## TRANSCRIPTS

### 4.

As required by Rule 5 of the Rules Governing Section 2254 Proceedings, counsel for Respondent is submitting, by means of a separate notice of filing, all of the applicable exhibits in this case, including the record of Petitioner's direct appeal proceedings, the pleadings and record developed in connection with Petitioner's state habeas corpus proceedings and the record of Petitioner's appeal filed in the Georgia Supreme Court from the denial of state habeas corpus relief.

If, after receiving this notice of filing, this Court or counsel for Petitioner indicates that any relevant transcripts have been inadvertently omitted from the submission made to this Court, counsel for Respondent will submit any such transcripts or documents upon request.

## STATE POST-CONVICTION PROCEEDINGS

### 5.

Petitioner, Willie James Pye, was indicted by the Spalding County Grand Jury on February 7, 1994, for malice murder, felony murder, kidnapping with bodily injury, armed robbery, burglary, rape and aggravated sodomy.  (Res. Ex. 1, pp. 5-7).  On June 4, 1996, following a jury trial, Petitioner was convicted of malice murder, kidnapping with bodily injury, armed robbery, burglary and rape. (Res. Ex. 2, p. 595).  Petitioner was found not guilty of aggravated sodomy.  Id.

Following the sentencing phase of trial, on June 7, 1996, the jury found that the following statutory aggravating circumstances existed to impose the death penalty:  1) that the offense of murder was committed while Petitioner was engaged in the commission of kidnapping with bodily injury; 2) that the offense of murder was committed while Petitioner was engaged in the commission of rape; 3) that the offense of murder was committed while Petitioner was engaged in the commission of armed robbery; and 4) that the offense of murder was committed while Petitioner was engaged in the commission of burglary.  (Res. Ex. 2, p. 596). The jury recommended a sentence of death, and the trial court then sentenced Petitioner to death.  (Res. Ex. 2, pp. 596-597).  Petitioner was further sentenced to three terms of life imprisonment for kidnapping with bodily injury, armed robbery, and rape and twenty years for burglary, all to be served consecutively.  (Res. Ex. 2, p. 598).

Petitioner filed a motion for new trial on July 3, 1996, and an amendment thereto on August 22, 1997.  (Res. Ex. 2, pp. 902-903, 908).  Petitioner's motion for new trial was denied on August 22, 1997.  (Res. Ex. 2, p. 910).

Petitioner appealed his conviction and sentence to the Georgia Supreme Court.  The Georgia Supreme Court affirmed Petitioner's conviction and sentence of death on September 21, 1998.  Pye v. State, 269 Ga. 779, 505 S.E.2d 4 (1998). (Res. Ex. 27).  Thereafter, Petitioner filed a petition for writ of certiorari in the

United States Supreme Court, which was denied on May 17, 1999.  Pye v. Georgia,

526 U.S. 1118 (1999), *rehearing denied*, Pye v. Georgia, 527 U.S. 1054 (1999).

(Res. Ex. 28-32).

Petitioner filed a state habeas corpus petition in the Superior Court of Butts

County, Georgia on February 4, 2000, and an amendment thereto on November 17,

2006.  (Res. Ex. 33, 75).  An evidentiary hearing was conducted in this matter on

May 11-13, 2009.  (Res. Ex. 90-134).  On January 30, 2012, the state habeas

corpus court entered an order denying relief.  (Res. Ex. 161).  Petitioner's

application for a certificate of probable cause to appeal from the denial of habeas

corpus relief was filed in the Georgia Supreme Court on May 29, 2012.  (Res. Ex.

163).  The Georgia Supreme Court denied this application for a certificate of

probable cause to appeal on April 15, 2013.  (Res. Ex. 165).

Petitioner filed his federal petition for writ of habeas corpus on July 24,

2013.  This answer is filed in response to the federal petition for writ of habeas

corpus filed on behalf of Petitioner.

## EXHAUSTION REQUIREMENTS

6.

As a general matter, a federal habeas corpus court may not grant habeas

corpus relief to a state prisoner who has not exhausted his state remedies.  28

U.S.C. § 2254 (b)(1)(A).  To exhaust his state remedies, a petitioner must "fairly

present federal claims to the state courts in order to give the State the first opportunity to pass upon and correct alleged violations of its prisoner's federal rights." Duncan v. Henry, 513 U.S. 364, 365 (1998). As the United States Supreme Court stated in Coleman v. Thompson, 501 U.S. at 731, "in a federal system, the States should have the first opportunity to address and correct alleged violations of state prisoners." Petitioner is also required to exhaust all claims in his application for federal habeas corpus relief under the authority of Footman v. Singletary, 978 F.2d 1207, 1211, n.4 (11th Cir. 1992) and Weeks v. Jones, 26 F.3d 1030 (11th Cir. 1992).

Respondent asserts that the following claims have not been raised in the state courts and are, therefore, unexhausted:

In a **portion of Claim III** of the instant petition, Petitioner alleges that the State improperly commented upon his relationship with defense counsel and defense counsel's motivations;

In a **portion of Claim IV** of the instant petition, Petitioner alleges that trial counsel failed to adequately challenge the District Attorney's discriminatory use of peremptory strikes on the basis of gender and race, adequately respond to the District Attorney's proffer of pretextual and non-race neutral reasons for his strikes, and adequately demonstrate the discriminatory pattern of strikes through comparative analysis with white jurors not struck by the District Attorney;

In a **portion of Claim VIII** of the instant petition, Petitioner alleges that trial counsel failed to make an adequate showing of purposeful discrimination in response to the State's proffered explanations for his jury strikes; and

In a **portion of Claim XIII** of the instant petition, Petitioner alleges that trial counsel failed to object at trial or preserve on appeal a claim that the Unified Appeal Procedure is unconstitutional.

Respondent pleads that any unexhausted claim in Petitioner's federal habeas corpus petition or amended petition should be treated as a procedurally defaulted claim, as such claim would be found to be "successive" and thus procedurally defaulted pursuant to O.C.G.A. § 9-14-51, if it was raised in a successive state habeas corpus proceeding.  As the United States Supreme Court has made clear, a "federal habeas corpus court need not require that a federal claim be presented to a state court if it is clear that the state court would hold the claim procedurally barred." Harris v. Reed, 489 U.S. 255, 263, n.9 (1989); See also Teague v. Lane, 489 U.S. 288, 297-299 (1989), and Castille v. Peoples, 489 U.S. 346, 351 (1989). The fact that there is no explicit finding of procedural bar by a Georgia court on any such claim does not preclude this Court from treating such claim as procedurally barred.  Harris v. Reed, supra.  Accordingly, this Court should find these claims to be procedurally defaulted and not reviewable by this Court.

## NON-COGNIZABLE CLAIMS UNDER § 2254

7.

Respondent submits that two of Petitioner's claims are subject to dismissal as non-cognizable as they do not allege a substantial violation of Petitioner's rights "in the proceedings which resulted in [the petitioner's] conviction," as required by

state law, (O.C.G.A. § 9-14-42(a)), and therefore cannot serve as a basis for

seeking habeas corpus relief in these proceedings.

> In **Claim XV** of the instant petition, (Claim XXI of the amended state habeas petition, pp. 60-64), Petitioner alleges that lethal injection is unconstitutional.  This allegation was properly found by the state habeas corpus court to be non-cognizable.  (Res. Ex. 161, p. 74).

> In **Claim XVI** of the instant petition, (Petitioner's post-hearing brief, p. 227), Petitioner alleges cumulative error.  This allegation was properly found by the state habeas corpus court to be non-cognizable.  (Res. Ex. 161, pp. 74-75).

## CLAIMS PETITIONER HAS PROCEDURALLY DEFAULTED

8.

This Court should defer to the findings of procedural default as to each and

every claim or sub-claim of the federal habeas corpus petition which was found by

the state courts to have been procedurally defaulted.

Respondent expressly adopts and relies upon any findings made by the state

courts as to the procedural default of any and all claims not timely raised at trial

and on appeal as required by O.C.G.A. § 9-14-48(d).  Absent a demonstration of

cause and prejudice, which has clearly not been established by Petitioner in the

instant case, these findings of procedural default should be deferred to by this

Court under Coleman v. Thompson.  See also Murray v. Carrier, 477 U.S. 478

(1986); Morris v. Kemp, 809 F.2d. 1499 (11th Cir. 1987).

Respondent specifically asserts that the following claims and/or sub-claims have been procedurally defaulted by Petitioner:

In **Claim I** of the instant petition, (Claim VI of the amended state habeas petition, pp. 20-23 and Petitioner's post-hearing brief, pp. 4-21), Petitioner alleges that the State suppressed two prior statements of co-defendant Anthony Freeman and evidence of a plea deal afforded to witness Paula Lawrence. This allegation was properly found by the state habeas corpus court to be procedurally defaulted. (Res. Ex. 161, pp. 4-5, 8-13, 16-17).

In **Claim II** of the instant petition, (Claim VI of the amended state habeas petition, pp. 20-23 and Petitioner's post-hearing brief, pp. 21-25), Petitioner alleges that the State knowingly presented the false testimony of Anthony Freeman in violation of Giglio v. United States, 405 U.S. 150 (1972) and Napue v. Illinois, 360 U.S. 264 (1959). This allegation was properly found by the state habeas corpus court to be procedurally defaulted. (Res. Ex. 161, pp. 4-5, 13-16).

In a **portion of Claim III** of the instant petition, (Claim VI of the amended state habeas petition, pp. 20-23 and Petitioner's post-hearing brief, pp. 25-27), Petitioner alleges that the State argued evidence that it knew was false. Specifically, Petitioner alleges that the State touted the reliability of co-defendant Anthony Freeman's testimony and argued that any weaknesses jurors found in that testimony was attributable to Freeman's mental impairment. This allegation was properly found by the state habeas corpus court to be procedurally defaulted. (Res. Ex. 161, pp. 4-6).

In a **portion of Claim III** of the instant petition, (Claim VI of the amended state habeas petition, p. 23 and Petitioner's post-hearing brief, pp. 29-30), Petitioner alleges that the State improperly remarked on defense counsel's arguments in other capital cases. This allegation was properly found by the state habeas corpus court to be procedurally defaulted. (Res. Ex. 161, pp. 3-5).

In a **portion of Claim VII** of the instant petition, (Petitioner's post-hearing brief, pp. 30-79), Petitioner alleges that he is mentally retarded and exempt from the death penalty under the Eighth and Fourteenth Amendments, Atkins v. Virginia, 536 U.S. 304 (2002), Cooper v. Oklahoma, 517 U.S. 348 (1996) and related precedent. This allegation was found by the state habeas

corpus court to be procedurally defaulted.  (Res. Ex. 161, pp. 17-40).
However, the state habeas corpus court's order clearly shows that it
conducted a merits analysis of Petitioner's claim of mental retardation.  <u>Id.</u>

In **Claim X** of the instant petition, (Claim VII of the amended state habeas
petition, pp. 24-25), Petitioner alleges that the trial court erred by excusing
for cause jurors whose views on the death penalty were not extreme enough
to warrant exclusion under <u>Witherspoon v. Illinois</u>, 391 U.S. 510 (1968).
This allegation was properly found by the state habeas corpus court to be
procedurally defaulted.  (Res. Ex. 161, p. 6).

In a **portion of Claim XI** of the instant petition, (Claim I of the amended
state habeas petition, pp. 4-6), Petitioner alleges juror misconduct.  This
alleged misconduct includes:

1)    discussing the case after being admonished not to discuss it;

2)    improperly considering matters extraneous to the trial;

3)    possessing improper racial attitudes which infected the
       deliberations of the jury;

4)    giving false or misleading responses during voir dire;

5)    possessing improper biases which infected their deliberations;

6)    being improperly exposed to the prejudicial opinions of third
       parties;

7)    improperly communicating with third parties;

8)    improperly communicating with jury bailiffs;

9)    improperly communicating ex parte with the trial judge;

10)   improperly prejudging the guilt/innocence and penalty phases of
       Petitioner's trial;

11)   improperly preparing a statement or speech during deliberations;

12)    improperly making a statement during the rendering of verdicts;

13)    improperly involving alternates during the deliberations;

14)    improperly deliberating on the sentence during the guilt/innocence
deliberations; and

15)    compromising on the verdict;

These allegations were properly found by the state habeas corpus court to be
procedurally defaulted.  (Res. Ex. 161, pp. 3-4).

In **Claim XII** of the instant petition, (Claim XI of the amended state habeas
petition, pp. 32-34), Petitioner alleges that he was denied due process, a
fundamentally fair trial and reliable sentencing proceeding by improper and
prejudicial actions and bias of the trial judge.  This allegation was properly
found by the state habeas corpus court to be procedurally defaulted.  (Res.
Ex. 161, p. 6).

In **Claim XIII** of the instant petition, (Claim X of the amended state habeas
petition, pp. 29-32), Petitioner alleges that Georgia's Unified Appeal
Procedure is unconstitutional.  This allegation was properly found by the
state habeas corpus court to be procedurally defaulted.  (Res. Ex. 161, p. 6).

Respondent reserves the right to assert procedural default with respect to any

other claims for relief not raised at trial or on appeal and specifically reserves the

right to assert procedural default as to any additional claims in response to any

additional petition or any brief filed on behalf of Petitioner.

## <u>CLAIMS PROPERLY BEFORE THIS COURT FOR REVIEW</u>

### ALLEGATIONS OF THIS PETITION THAT ARE REVIEWABLE UNDER § 2254(d)

9.

Respondent denies that any of Petitioner's constitutional rights have been

violated as asserted by Petitioner in his petition for federal habeas corpus relief.

Respondent specifically denies the following claims of Petitioner's current federal

petition by showing and stating the following:

In a **portion of Claim III** of the instant petition, (Enumeration of Error XXII on direct appeal to the Georgia Supreme Court, pp. 65-68), Petitioner alleges that the State made arguments that were not supported by the record. Specifically, Petitioner alleges that the State improperly argued about Petitioner's future dangerousness and inclination to kill.  This allegation was properly rejected on its merits by the Georgia Supreme Court.  Pye v. State, 269 Ga. at 788-789(19).  (Res. Ex. 27).

In a **portion of Claim III** of the instant petition, (Enumeration of Error XVII on direct appeal to the Georgia Supreme Court, pp. 53-56), Petitioner alleges that the State improperly vouched for the strength of the State's evidence by arguing that the evidence in Petitioner's case was stronger than in most, and that jurors had more direct evidence linking him to the crime. This allegation was properly rejected on its merits by the Georgia Supreme Court.  Pye v. State, 269 Ga. at 787(15).  (Res. Ex. 27).

In a **portion of Claim III** of the instant petition, (Enumeration of Error III on direct appeal to the Georgia Supreme Court, pp. 11-21), Petitioner alleges that the State used its peremptory challenges in a racially and gender discriminatory manner.  This allegation was properly rejected on its merits by the Georgia Supreme Court.  Pye v. State, 269 Ga. at 780-781(1).  (Res. Ex. 27).

In a **portion of Claim III** of the instant petition, (Enumeration of Error VII on direct appeal to the Georgia Supreme Court, pp. 29-33), Petitioner alleges

that the State improperly introduced Petitioner's prior convictions into evidence during the guilt phase. This allegation was properly rejected on its merits by the Georgia Supreme Court. Pye v. State, 269 Ga. at 785(9). (Res. Ex. 27).

In a **portion of Claim III** of the instant petition (Enumeration of Error VI on direct appeal to the Georgia Supreme Court, pp. 26-29), Petitioner alleges that the State improperly introduced the results of a polygraph test to bolster the testimony of a State witness. This allegation was properly rejected on its merits by the Georgia Supreme Court. Pye v. State, 269 Ga. at 784-785(8). (Res. Ex. 27).

In a **portion of Claim III** of the instant petition, (Enumeration of Errors V-VII, X, XII-XVII, XXII on direct appeal to the Georgia Supreme Court, pp. 24-33, 36-56, 65-68), Petitioner alleges that the State introduced irrelevant, prejudicial and inflammatory evidence and argument. This allegation was properly rejected on its merits by the Georgia Supreme Court. Pye v. State, 269 Ga. at 784-789(7)(8)(9)(12)(13)(14)(15) and (19). (Res. Ex. 27).

In a **portion of Claim III** of the instant petition, (Enumeration of Error XVI on direct appeal to the Georgia Supreme Court, pp. 47-52), Petitioner alleges that the State improperly commented upon Petitioner's right to remain silent and right to counsel. This allegation was properly rejected on its merits by the Georgia Supreme Court. Pye v. State, 269 Ga. at 788-787(14). (Res. Ex. 27).

In a **portion of Claim III** of the instant petition, (Enumeration of Error XVII on direct appeal to the Georgia Supreme Court, pp. 53-56), Petitioner alleges that the prosecutor invoked his experience in other death penalty cases and compared the strength of the evidence in those cases to the evidence in Petitioner's case. This allegation was properly rejected on its merits by the Georgia Supreme Court. Pye v. State, 269 Ga. at 787(15). (Res. Ex. 27).

In a **portion of Claim III** of the instant petition, (Enumeration of Error XX on direct appeal to the Georgia Supreme Court, pp. 59-63), Petitioner alleges that the State improperly cross-examined a mitigation witness regarding the criminal history of other members of Petitioner's family. This allegation was properly rejected on its merits by the Georgia Supreme Court. Pye v. State, 269 Ga. at 788(17). (Res. Ex. 27).

In a **portion of Claim III** of the instant petition, (Enumeration of Error XXI on direct appeal to the Georgia Supreme Court, pp. 63-65), Petitioner alleges that the State made irrelevant, prejudicial and inflammatory comments upon the testimony of the mitigation witnesses.  This allegation was properly rejected on its merits by the Georgia Supreme Court.  Pye v. State, 269 Ga. at 788(18).  (Res. Ex. 27).

In **Claim IV** of the instant petition, (Claim II of the amended state habeas petition, pp. 6-12 and Petitioner's post-hearing brief, pp. 88-214), Petitioner alleges ineffective assistance of counsel in that:

a)    trial counsel failed to investigate evidence that supported Petitioner's guilt phase testimony and his only defense, including statements by witness Linda Lyons;

b)    trial counsel failed to re-proffer and attempt to have admitted evidence of the victim's cocaine abuse after its relevance had been demonstrated through presentation of the defense case;

c)    trial counsel failed to examine Petitioner's background to discover his childhood of neglect, poverty, abuse and rejection;

d)    trial counsel failed to commission a mental health evaluation of Petitioner or make any other effort to compile evidence of his mental retardation, brain damage and psychiatric impairment;

e)    trial counsel failed to obtain the assistance of appropriate expert witnesses to conduct appropriate tests, evaluate the State's forensic evidence and evaluate Petitioner's mental health to assist in confronting the State's case and to assist in the presentation of a defense at the guilt and sentencing phases;

f)    trial counsel failed to make any effort to investigate and rebut the State's evidence in aggravation;

g)    trial counsel failed to anticipate and rebut the prosecutor's closing argument that Petitioner's execution was necessary to prevent him from killing while in prison in the future;

h)      trial counsel failed to conduct an adequate examination of potential jurors to ensure that Petitioner received a fair and impartial jury, including failing to ascertain whether jurors would consider mitigating circumstances and failing to ascertain whether jurors were "life-qualified" under Morgan v. Illinois, 504 U.S. 719 (1992) or would automatically vote to impose a death sentence if Petitioner were to be convicted of murder;

i)      trial counsel failed to object to the sitting of several venirepersons who could not impartially determine Petitioner's guilt or the appropriate punishment in this case, or object to the sitting of an alternate juror related to the victim or to the trial court's inadequate investigation conducted in this regard;

j)      trial counsel failed to adequately respond to the trial court's unconstitutional limits on voir dire;

k)      trial counsel failed to object to the trial court's improper excusal of jurors for hardship and failed to protect the record regarding these excusals at trial, on motion for new trial and on appeal;

l)      trial counsel failed to object to the trial court's off the record discussions with jurors regarding their qualifications, Petitioner's case and the death penalty outside the presence of counsel and outside the presence of Petitioner;

m)      trial counsel failed to adequately advise or prepare Petitioner to testify;

n)      trial counsel failed to conduct a thorough and probing cross-examination of prosecution witnesses, nor did counsel investigate and present to the jury impeaching information regarding the State's witnesses;

o)      trial counsel failed to adequately object and argue in opposition to the admission of several items of evidence, including the impermissible introduction of polygraph evidence, introduction of a photograph purported to be of the victim which did not depict the victim, and impermissible character evidence and prior convictions offered by the State during the guilt phase of trial;

p)   trial counsel failed to move for a mistrial following the improper introduction of prior convictions at the guilt phase;

q)   trial counsel failed to appropriately object to improper comments by the prosecutor, including comments on Petitioner's right to remain silent and right to counsel, to improper bolstering of witnesses testimony and to the improper closing argument of the prosecution at the conclusion of each phase of trial;

r)   trial counsel failed to give a closing argument at the conclusion of the guilt phase which adequately exposed the shortcomings of the State's case against Petitioner;

s)   trial counsel failed to raise the proper objections to improper charges given by the trial court to the jury at the conclusion of the guilt phase of trial;

t)   trial counsel failed to object properly to items of improper evidence offered by the State in aggravation at the penalty phase of trial or to counter such evidence with the testimony of defense witnesses;

u)   trial counsel failed to object to hearsay testimony regarding Petitioner's prior convictions, character and reputation;

v)   trial counsel failed to object to misleading and improper arguments, including improper speculations not grounded in the evidence made by the prosecution during its sentencing phase summation to the jury and failed to rebut these improper and misleading arguments;

w)   trial counsel failed to object to improper and incorrect portions of the trial court's sentencing phase jury charge;

x)   trial counsel requested improper and incorrect jury charges and failed to object to an improper and misleading verdict form; and

y)   appellate counsel failed to litigate effectively numerous Constitutional errors that occurred during both phases of trial at Petitioner's motion for new trial and on direct appeal;

These allegations were properly rejected on their merits by the state habeas corpus court.  (Res. Ex. 161, pp. 41-67).

In **Claim V** of the instant petition, (Claim IV of the amended state habeas petition, pp. 15-17 and Petitioner's post-hearing brief, pp. 214-227), Petitioner alleges that he was denied the right to conflict-free counsel.  This allegation was properly rejected on its merits by the state habeas corpus court.  (Res. Ex. 161, pp. 67-72).

In **Claim VI** of the instant petition, (Claim III of the amended state habeas petition, pp. 13-14), Petitioner alleges that counsel's representation violated the Fifth, Sixth, Eighth and Fourteenth Amendments to the United States Constitution, the analogous provisions of the Georgia Constitution and the rule of United States v. Cronic, 466 U.S. 648 (1984).  This allegation was properly rejected on its merits by the state habeas corpus court.  (Res. Ex. 161, pp. 69-70).

In a **portion of Claim VII** of the instant petition, (Petitioner's post-hearing brief, pp. 83-88), Petitioner alleges that Georgia's beyond a reasonable doubt standard for proving mental retardation is unconstitutional.  This allegation was rejected on its merits by the state habeas corpus court.  (Res. Ex. 161, pp. 17-18, 40).

In **Claim VIII** of the instant petition, (Enumeration of Error III on direct appeal to the Georgia Supreme Court, pp. 11-21), Petitioner alleges that the prosecution exercised its peremptory strikes in a racially and gender discriminatory manner in violation of Batson v. Kentucky, 476 U.S. 79 (1986) and J.E.B. v. Alabama, 511 U.S. 127 (1994).  This allegation was properly rejected on its merits by the Georgia Supreme Court.  Pye v. State, 269 Ga. at 780-781(1).  (Res. Ex. 27).

In **Claim IX** of the instant petition, (Enumeration of Error XXVII on direct appeal to the Georgia Supreme Court, pp. 74-77), Petitioner alleges that the trial court unconstitutionally limited the scope of voir dire and failed to confirm that prospective jurors were "life-qualified" pursuant to Morgan v. Illinois, 504 U.S. 719 (1992) and failed to ascertain whether each juror could consider mitigating circumstances.  This allegation was properly rejected on its merits by the Georgia Supreme Court.  Pye v. State, 269 Ga. at 781(2).  (Res. Ex. 27).

In a **portion of Claim XI** of the instant petition, (Enumeration of Error II on direct appeal to the Georgia Supreme Court, pp. 10-11), Petitioner alleges that his constitutional rights were violated when a prospective juror who was purportedly related to the victim was allowed to serve as an alternate juror and expressed his views to the other jurors. This allegation was properly rejected on its merits by the Georgia Supreme Court. Pye v. State, 269 Ga. at 781-782(3). (Res. Ex. 27).

In **Claim XIV** of the instant petition, (Enumeration of Errors XXV-XXVI on direct appeal to the Georgia Supreme Court, pp. 72-74 and Claim IX of the amended state habeas petition, pp. 27-29), Petitioner alleges that his death sentence was arbitrarily imposed, is disproportionate and excessive. This allegation was rejected on its merits by the Georgia Supreme Court and state habeas corpus court. Pye v. State, 269 Ga. at 789(21). (Res. Ex. 27; Res. Ex. 161, pp. 72-73).

## ADDITIONAL ASSERTIONS BY RESPONDENT

### 10.

Respondent requests that if this Court should reject the findings of procedural default made by the state courts as to any of the claims presented in Petitioner's petition or if this Court should determine that Petitioner has shown the necessary cause and prejudice to excuse the procedural bar of any claims, Respondent be given an opportunity to brief those claims.

### 11.

Respondent denies that Petitioner is entitled to any of the relief sought by means of the instant petition.

## <u>CONCLUSION</u>

WHEREFORE, having answered the allegations of Petitioner's petition for federal habeas corpus relief and there being no cause why the writ should issue and no necessity for a federal evidentiary hearing, Respondent prays that this Court deny Petitioner habeas corpus relief without conducting a federal evidentiary hearing and remand Petitioner to the custody of Respondent.

Respectfully submitted,

SAMUEL S. OLENS                 551540
Attorney General

BETH BURTON                       027500
Deputy Attorney General

s/Sabrina D. Graham_____
SABRINA D. GRAHAM          305755
Senior Assistant Attorney General

s/Richard Tangum_____
RICHARD TANGUM              141337
Assistant Attorney General

Please serve:
RICHARD TANGUM
Assistant Attorney General
40 Capitol Square, S.W.
Atlanta, Georgia 30334-1300
(404) 656-3397

## <u>**CERTIFICATE OF SERVICE**</u>

I do hereby certify that I have this day electronically filed this pleading with the Clerk of Court using the CM/ECF system which will automatically send e-mail notification of such filing to the following attorney of record:

> S. Jill Benton
> Gretchen Stork
> Federal Defender Program, Inc.
> Centennial Tower, Suite 1500
> 101 Marietta Street, NW
> Atlanta, Georgia 30303

This <u>10th</u> day of September, 2013.

> <u>s/Richard Tangum</u>
> RICHARD TANGUM
> Assistant Attorney General